[Civ. No. 4054.   Second Appellate District, Division Two.—July 16, 1923.]

## LOUISA CESARINI MENOTTI, Respondent, v. GUS MARCHESI, Appellant.

[1] TRIALS — CONTROL OF PROCEEDINGS — INTRODUCTION OF FURTHER EVIDENCE—TIME.—No judgment or dismissal having intervened, the trial court has 'power to control its own proceedings and to permit either party to introduce further evidence in anticipation of a judgment to be based upon facts which the parties between hearings sought to obtain and agree upon.

[2] DISMISSALS—PARTNERSHIP DISSOLUTION AND ACCOUNTING—INSUFFICIENT EVIDENCE—APPEAL—PRESUMPTIONS.—In an action for the dissolution of a partnership and for an accounting, the trial court, after receiving evidence upon the issues presented, has the power to dismiss the action upon its own motion upon determining that the plaintiff has not made out a case; and upon an appeal by the defendant from the judgment of dismissal, the appellate court will presume that the evidence in support of the decision of the trial court is true and will resolve every substantial conflict as favorably as possible in support thereof, and it will not review questions of fact where there is evidence to support the conclusion of the trial court.

[3] ID. — MOTION OF PLAINTIFF BEFORE SUBMISSION — ORDER. — In an action for the dissolution of a partnership and for an accounting, the trial court is authorized, under subdivision 4 of section 581 of the Code of Civil Procedure, to order a dismissal of the action upon motion of plaintiff made before final submission. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. G. Susemihl for Appellant.

O. H. Myrick for Respondent.

CRAIG, J.—The action from which this appeal arises was filed on the sixth day of June, 1921, the complaint alleging that on June 1, 1920, the parties entered into an oral agreement of copartnership in a business known as ''Menotti's

Buffet,'' in the city of Venice; that the defendant agreed to and did act as manager of the business, for which he was to receive $125 per month; that the plaintiff was the owner of the premises upon which the enterprise was situated, which she leased to the copartnership at rentals varying from $150 to $350 per month, in the winter and summer seasons, respectively, and that each should share equally in the profits. It is further alleged that there was no agreement as to the duration of such partnership, but that on March 29, 1921, plaintiff formally notified defendant of its termination, and offered to purchase his share at cost, and to assume the rent for the month of April; and that again on June 1, 1921, the plaintiff notified defendant that the latter having claimed that the partnership had been created for a period of one year, said partnership had terminated on March 29th, or was terminated on June 1, 1921, and, in either case, demanding its termination, and offering to purchase defendant's share at cost. The reasons for such notice were alleged to have been the assumption by defendant of control of the business and the assets and books thereof, to the exclusion of the plaintiff, and mismanagement, and refusal to account. The plaintiff prayed for the appointment of a receiver, dissolution of the partnership from the sixth day of June, 1921, sale of the assets, payment of the obligations, and distribution of remaining assets.

The defendant answered, admitting the material facts as to the partnership agreement, but denying the existence of any stipulated date for its termination, and denying the alleged derelictions on his part. He also denied all of the asserted grounds for appointment of a 'receiver, and averred that such action would endanger the property and goodwill of the business and entail financial loss to the parties.

Issues having been joined, further *minutia* of which it is unnecessary here to detail, a trial was had before the court, without a jury, and evidence was introduced on July 18, 19, and 22, 1921, but no judgment was rendered. As a result of the hearing an accountant was employed, who rendered his report on August 2, 1921. On the following day the plaintiff filed an order for the dismissal of the action, and on October 4th she filed another such order, neither of which was signed by the court or acted upon further.

On the last-mentioned date the defendant filed affidavits wherein he claimed that the total merchandise of the copartnership, as shown by the auditor's report, appeared to be of the value of $1,534.47, and the cash on hand $1,707.76; but that he had discovered an apparent transfer of $2,010.83 from the partnership bank account to plaintiff's private account, without agreement, which had not been included in the auditor's report, and which remained unsettled in the final adjustment based thereon. Fraud was not alleged in this connection. He asked for further hearing, adjustment as to this additional amount, and judgment. On November 10, 1921, the court, over plaintiff's objections, heard the evidence of defendant, upon the conclusion of which his motion was denied upon the ground that his evidence was insufficient to "upset the settlement" theretofore agreed upon. Plaintiff thereupon, in obedience to a direction from the court, executed and prepared a third order for dismissal of the action, which was then signed by the judge and filed.

Appellant maintains that this is not an appeal from the order decreeing a dissolution of the partnership as of August 1, 1921, but from the order of dismissal of the action following appellant's evidence in respect to a certain item. This the respondent controverts, and contends further that appellant had no right to present his motion of November 10th, because (1) the action had been tried, and (2) that the parties had stipulated as to their rights and interests, and that the court was required to enter a decree in strict conformity therewith; that if a stipulation presented to the court did not fully express the intention of the parties, it was a matter for correction by appropriate action, but that the court was without authority to "open up the case."

Appellant, in turn, maintains that he established the disputed item *prima facie* to be money belonging to the partnership, "without dispute," and assumes that it was the duty of the court to require plaintiff, if possible, to produce evidence tending to show that it was not a partnership item, but grew out of some transaction between the parties wholly foreign to their partnership relations.

Referring to the evidence received upon November 10, 1921, the court, when ordering the dismissal, said: "It is insufficient to keep the court from consenting to his dismissal. I have allowed it to come in over his objection be-

cause I thought you might prove enough to justify the court in not joining in, as the court would have to do, in his dismissal. He attempted to dismiss it twice. Neither time did he come to the court and get the necessary consent, so it was not actually dismissed. . . . My ruling is merely for granting a dismissal on the ground of insufficient showing.''

The defendant appealed, as appears from his notice, ''from the order or judgment made and entered by said superior court in the above-entitled action on November 10, 1921, by which order or judgment said court granted the motion of the plaintiff to dismiss the above-entitled action, and did pursuant thereto make and enter an order or judgment of dismissal in said cause.''

From the foregoing it is difficult to perceive how any doubt can exist as to this appeal being one from the order dismissing the action.

[1] No judgment or dismissal having theretofore intervened, the court had power to control its own proceedings and to permit either party to introduce further evidence in anticipation of a judgment to be based upon facts which the parties between hearings had sought to obtain and agree upon.

[2] Under section 581 (subdivision 1) of the Code of Civil Procedure, it was the right of the plaintiff to dismiss the action without application to the court at any time before final submission, but because of the manner in which this dismissal was entered, it having been prepared under direction of the court and presented, signed, and filed, it must be regarded as having been made under its general authority to dismiss upon its own motion when upon trial plaintiff has failed to establish a case.

The court having in its rightful discretion received evidence upon the issues presented, questions of fact arose for its determination which this court will not review where, as here, there is evidence to support the conclusion reached.

Although, as appellant contends, it is within the power of the court to relieve from dismissal, yet it cannot be held to be a duty. Appellant relies upon *Truett* v. *Onderdonk*, 120 Cal. 581 [53 Pac. 26], but it is there said that the court may exercise such power *''if the circumstances justify it.''* (Italics ours.) In the instant case the court heard evidence, and this court will presume that the evidence in support of

the decision of the lower court was true, and construe it and resolve every substantial conflict as favorably as possible in support thereof. (*Woody* v. *Bennett*, 88 Cal. 241 [26 Pac. 117]; *Bancroft-Whitney Co.* v. *McHugh*, 166 Cal. 140 [134 Pac. 1157].) As to whether or not the item of $2,010.83 was the property of the defendant, or of the partnership, or of the plaintiff, defendant testified that he was not sure, "that it was some way or another"; that he had collected rents and had sold personal property for the plaintiff, and had deposited the proceeds to her personal account. The trial court concluded from all the evidence before it that there was not sufficient showing to support the relief asked by defendant, and its finding upon this point cannot here be disturbed. (Code Civ. Proc., sec. 1981; *Wilson* v. *California Cent. R. R. Co.*, 94 Cal. 166 [17 L. R. A. 685, 26 Pac. 861]; *Bell* v. *Pleasant*, 145 Cal. 410 [104 Am. St. Rep. 61, 78 Pac. 957].)

The order dismissing the action is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1923, and the following opinion then rendered thereon:

THE COURT.—[3] In denying the petition for a transfer to this court we desire to say that the dismissal of the action was justified under section 581, subdivision 4, of the Code of Civil Procedure, having been made upon motion of the plaintiff, who evidently abandoned the action. (Sec. 581, subd. 4, Code Civ. Proc., and *Franks* v. *Cesena*, 191 Cal. —— [218 Pac. 437].)

The petition for a hearing is denied.