[Civ. No. 10624. First Appellate District, Division One.—December 8, 1937.]

CANNIE CASNER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Freidenrich & Selig and Phillip Barnett for Petitioner.

William M. Abbott, Cyril Appel, Ivores R. Dains and George M. Naus for Respondents.

THE COURT.—This is a petition for a writ of review, praying that an order and a judgment of the respondent court be annulled.

It appears from the petition and a return made thereto that on and prior to April 7, 1937, there was pending in said superior court an action for the recovery of damages brought by the petitioner herein against Daily News Company Ltd., William Cohn, Market Street Railway Company and John Bartlett. On said date the evidence had been closed, and those of the defendants who had appeared and answered moved the court for a directed verdict in their favor. The jury was excused until 2 P. M. of said day and the parties argued the motion. It appears that this argument or the concluding part of it took place in the chambers of the judge shortly before the reconvening of the court in the regular courtroom, but participating in the proceedings were the clerk of the court and the official reporter. When the argument and discussion were ended the court announced that the motion for a directed verdict would be granted in favor of all defendants. The judge, officials and attorneys then repaired to the courtroom, where the proceeding was resumed in the presence of the jury. At this point the record shows as follows:

"MR. BARNETT (Plaintiff's attorney:) Your honor, at this time I want to make a motion in behalf of the plaintiff. . . . We desire to dismiss the case as against all defendants without prejudice. . . .

"MR. APPEL (Attorney for defendant Market Street Railway Company:) Your honor has made an order here already I think.

"THE COURT. If the record shows such an order was made I will set it aside. Let the record show that if any order was made in chambers about an instructed verdict it is set aside . . . and the motion to dismiss as to all defendants is granted . . . without prejudice."

An exception to this ruling was noted and the jury was thereupon discharged. On the same day a judgment of dismissal without prejudice was entered.

On April 27th the defendants Market Street Railway Company and John Bartlett moved the court to set aside said order and judgment of dismissal, and to enter judgment in

their favor upon the ground that the court, in granting said order, had exceeded its authority; and on June 5th defendants Daily News Company Ltd. and William Cohn made a similar motion. The first of these motions was granted by the court on June 28th, and the second on July 1st, and judgments were entered accordingly. Copies of the orders granting the motions and of the judgments thereafter entered were annexed to the petition.

Annulment of the order vacating the prior order and judgment dismissing the action, and of the judgments subsequently entered is sought upon the ground that the trial court exceeded its jurisdiction in the making of said order and said judgments.

Section 581 of the Code of Civil Procedure provides that an action may be dismissed or a judgment of nonsuit entered "subd. 4. By the court, when upon the trial and before the final submission of the case, the plaintiff abandons it," and that such a dismissal must be entered on the minutes of the court, and when so entered is effective for all purposes.

■ The abandonment mentioned in said subdivision 4 may be made by a motion by the plaintiff to dismiss. (*Franks* v. *Cesena*, 191 Cal. 1 [218 Pac. 437]; *Richards* v. *Bradley*, 129 Cal. 670 [62 Pac. 316]; *McDonald* v. *California Timber Co.*, 2 Cal. App. 165 [83 Pac. 172]; *Menotti* v. *Marchese*, 63 Cal. App. 49 [218 Pac. 439].)

■ The order of the court vacating the judgment of dismissal was a special order made after final judgment, as were also the respective orders for judgment in defendants' favor, and, as such, were appealable under the provisions of section 963 of the Code of Civil Procedure. (*Wolters* v. *Rossi*, 126 Cal. 644 [59 Pac. 143]; *Robinson* v. *Southland Produce Co.*, 98 Cal. App. 365 [276 Pac. 1036]; *Livermore* v. *Campbell*, 52 Cal. 75; *Coley* v. *Superior Court*, 89 Cal. App. 330 [264 Pac. 1110]; *Colby* v. *Pierce*, 15 Cal. App. (2d) 723 [59 Pac. (2d) 1046]; *Christie* v. *Superior Court*, 218 Cal. 423 [23 Pac. (2d) 757]; *Erickson* v. *Municipal Court*, 219 Cal. 737 [29 Pac. (2d) 192]; *Leach* v. *Superior Court*, 215 Cal. 531 [12 Pac. (2d) 1].)

Where the law allows an appeal from an order or judgment, even when the tribunal making such order or rendering such judgment exceeded its authority in so doing, a writ of review may not be granted. (Code Civ. Proc., sec. 1068;

*Hildebrand* v. *Superior Court,* 173 Cal. 86 [159 Pac. 147] ; *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317] ; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803].) Many more cases might be cited to the same effect. (See 4 Cal. Jur., Certiorari, sec. 24, p. 1052.)

It follows from the foregoing that the writ heretofore issued in this cause should be discharged. It is so ordered.