[Civ. No. 16580. Second Dist., Div. Two. Nov. 24, 1948.]

JOHN W. BURNETT, Appellant, v. MILDRED R. BURNETT, Respondent.

Alexander L. Oster for Appellant.

Gibson, Dunn & Crutcher and Sherman Welpton, Jr., for Respondent.

MOORE, P. J.—Appeal from an order dismissing with prejudice an action for divorce.

Appellant having sued on the ground of mental cruelty, called respondent as witness, and after the latter had testified and certain documentary evidence had been received, rested. Appellant having testified on behalf of respondent and sundry exhibits having been introduced by the latter the trial was continued to the next day. After a discussion in chambers the following colloquy took place in open court:

"MR. OSTER: At this time, if it please the court, plaintiff moves to dismiss the action without prejudice.

"MR. WELPTON: The defendant will resist the motion to dismiss, and asks that the case proceed to trial, under the provisions of section 581 of the Code of Civil Procedure, as amended in 1947.

"THE COURT: Very well, the matter is dismissed, with prejudice."

■ The sole question for decision is whether the court may dismiss an action with prejudice, after plaintiff's motion to dismiss without prejudice. The answer to such question can be determined only by the correct construction of section 581 of the Code of Civil Procedure as amended in 1947* and its application to the facts at bar.

Subdivision 1 of section 581 limits a dismissal by plaintiff to "any time before actual commencement of the trial." Since the trial in the instant case had commenced by the introduction of his proof by appellant, subdivision 1 is inapplicable to the action. Neither do subdivisions 2 and 3 apply since respondent neither consented to nor asked for a dismissal.

---

*"An action may be dismissed in the following cases:

"1. *By plaintiff*, by written request to the clerk, filed with the papers in the case, or by oral or written request to the justice where there is no clerk, at any time before the actual commencement of trial, upon payment of the costs of the clerk or justice; provided that a counterclaim has not been set up, or affirmative relief sought by the crosscomplaint or answer of the defendant. If a provisional remedy has been allowed, the undertaking shall upon such dismissal be delivered by the clerk of justice of the peace to the defendant who may have his action thereon. A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence.

"2. *By either party*, upon the written consent of the other. No dismissal mentioned in subdivisions 1 and 2 of this section shall be granted unless upon the written consent of the attorney of record of the party or parties applying therefor, or if such consent is not obtained upon order of the court after notice to such attorney.

"3. *By the court*, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when, after a

Appellant having moved to dismiss without prejudice, the first sentence of subdivision 5 does not apply by reason of the fact that it authorizes appellant's motion for a dismissal with prejudice. The final sentence of subdivision 5 affords appellant no basis for his motion. It confers discretionary power upon the court to dismiss without prejudice but only in two instances: (1) by consent of all the parties, which is clearly not given here, and (2) "by order of the court on showing of just cause therefor." Unless a just cause was established for dismissal without prejudice that portion of subdivision 5 is inapplicable.

The only remaining part of the section to be considered is subdivision 4. It provides for a dismissal by the court with prejudice when upon the trial and before final submission "the plaintiff abandons it." An abandonment as contemplated thereby is effected by plaintiff's motion to dismiss. (*Casner* v. *Superior Court*, 23 Cal.App.2d 730, 732 [74 P.2d 298]; *Franks* v. *Cesena*, 192 Cal. 1 [218 P. 437]; *Richards* v. *Bradley*, 129 Cal. 670 [62 P. 316]; *McDonald* v. *California Timber Co.*, 2 Cal.App. 165 [83 P. 172]; *Menotti* v. *Marchesi*, 63 Cal.App. 49 [218 P. 439].) Such a motion having been made while respondent was insisting upon proceeding with the trial was sufficient evidence to warrant the implied finding of abandonment. Upon deriving that ultimate fact the court's only proper order under subdivision 4 was one of dismissal with prejudice.

The order is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 20, 1949. Schauer, J., voted for a hearing.

demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal.

"4. *By the court*, with prejudice to the cause, when upon the trial and before the final submission of the case, the plaintiff abandons it.

"5. [Dismissal with or without prejudice.] The provisions of subdivision 1, of this section, shall not prohibit a party from dismissing with prejudice, either by written request to the clerk or oral or written request to the justice, as the case may be, any cause of action at any time before decision rendered by the court. Provided, however, that no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein. Dismissals without prejudice may be had in either of the manners provided for in subdivision 1 of this section, after actual commencement of the trial, either by consent of all of the parties to the trial or by order of court on showing of just cause therefor."