[Civ. No. 3891. Fourth Dist. Dec. 1, 1949.]

FRANK FISHER et al., Respondents, v. STANLEY R. ECKERT et al., Appellants.

Jess G. Sutliff and Chase, Rotchford, Downen & Chase, Richard T. Drukker and Otto M. Kaus for Appellants.

Garrett B. Sargent for Respondents.

GRIFFIN, J.—This is an appeal by defendant Stanley R. Eckert, et al., from an order striking plaintiffs' memoranda of costs and disbursements and releasing a cash bond deposited to secure such costs.

Plaintiff brought an action against defendants for personal injuries in March, 1948, and defendants answered. On October 18, trial was commenced before a jury and several witnesses were sworn and examined. On October 20, when counsel were

all present, counsel for plaintiffs, who had previously signed a dismissal of the action, filed it with the clerk and the trial judge excused the jury.

The dismissal was directed to the clerk of the court and reads: "You are hereby requested and demanded to enter dismissal of the above entitled case as to all defendants." The record shows the following dialogue between court and counsel: "By Mr. ROTCHFORD: May the record show that counsel for the plaintiffs has in open court filed a dismissal of this action. BY THE COURT: It may be filed. MR. ROTCHFORD: May the record show, if the court please, the court being in session, the clerk has had a dismissal of this action handed to her by the attorney for the plaintiff before the court came in session, if Your Honor please. BY THE COURT: The dismissal may be filed, so that ends the case so far as the jury is concerned. The jury is now dismissed from the case." The court then adjourned. There is no record in the minutes showing that the trial court dismissed the action either with or without prejudice. A certified copy of the clerk's minutes as of October 20, shows the presence of respective counsel and that "Mr. Sargent states that he is now filing with the clerk a dismissal of this action as to all defendants. BY THE COURT: Dismissal may be filed. The court thanks the jury and dismisses them."

Soon thereafter, in chambers, defendants' counsel met with the trial judge and the reporter. It was noted in the reporter's transcript that counsel for plaintiff refused to join with them in any such meeting. Apparently counsel for defendants desired to have placed in the record the fact that he was not consenting to such dismissal and claimed that such dismissal was of no effect by virtue of the provisions of section 581 of the Code of Civil Procedure unless such dismissal was entered "with prejudice" since the dismissal came after the commencement of the trial of the action and after plaintiffs had rested their case.

On October 20, the dismissal was entered by the clerk on the register of actions. On the 26th of that month defendants filed a memorandum of costs and on the same day mailed a copy to the attorney for the plaintiffs. On November 3, plaintiffs filed a "motion re costs." A hearing was had thereon on November 22, and by minute order dated December 13th the cost bill was stricken and the bond ordered released. Defendants appeal from the order of December 13th and argue (1) that the dismissal in effect, constituted a final judgment

in defendants' favor; (2) that being defendants, and the action having been dismissed against them, they were entitled to costs as a matter of course; (3) that defendants' cost bill was filed within the time allowed by law; (4) that all items claimed as costs and disbursements were proper; and (5) that respondents' "motion re costs" was filed too late. Defendants now ask this court to reverse the order striking the cost bill and to order the lower court to reinstate the cost bond which was released.

Plaintiffs contend that the cost bill was not filed within the five days provided by law and the trial court so ruled; that the other questions attempted to be presented are immaterial and only academic and the only purpose of deciding whether such a dismissal as here filed was with or without prejudice was to use such determination in setting up a defense of res adjudicata in a subsequent action brought in the same county on the same cause of action.

Section 581 of the Code of Civil Procedure, as now amended, provides generally how actions may be dismissed, i.e., "1. *By plaintiff* by written request to the clerk . . . at any time *before* the actual commencement of trial . . .; 2. *By either party,* upon the written consent of the other . . .; 3. *By the court,* when either party fails to appear on the trial; 4. *By the court,* with prejudice to the cause, when upon the trial and before the final submission of the case, the plaintiff abandons it;" and subdivision 5 provides that the provisions of "subdivision 1, of this section, shall not prohibit a party from dismissing *with prejudice,* . . . at any time *before decision rendered* by the court," and that "[d]ismissals *without prejudice* may be had in either of the manners provided for in subdivision 1 of this section after actual commencement of the trial, either by consent of all of the parties to the trial or by order of court on showing of just cause therefor."

The trial court never made a formal order of dismissal of the action. Plaintiff did dismiss it, and without an order of the court, by filing a dismissal thereof with the clerk at a time when plaintiffs alone were not authorized by section 581 of the Code of Civil Procedure to dismiss the action in any other manner than "with prejudice." The trial court acted upon this dismissal, at that time, by ordering it filed and then immediately discharging the jury and terminating all further proceedings in respect thereto.

The result of plaintiff's argument now is that he intended to dismiss the action only in case the dismissal operated "with-

out prejudice.'' The effect of the 1947 amendment was to preclude just such actions on the part of plaintiffs in such proceedings. Prior to that date it was possible, up to the very moment of the decision by a trial court or a jury, to dismiss the cause of action and file another action where plaintiffs might feel that the trial court or the jury was about to decide against them. While plaintiffs in this action may not have intended such result, nevertheless counsel for plaintiffs was presumed to know the law which required the dismissal to be filed ''with prejudice'' at the time it was filed, and that any other form of dismissal by the plaintiff at that time would be improper under the statute.

In *Burnett* v. *Burnett,* 88 Cal.App.2d 805 [199 P.2d 685], the plaintiff, under similar circumstances, attempted to dismiss an action ''without prejudice'' and the court ordered it dismissed ''with prejudice,'' notwithstanding the attempted qualified dismissal by the plaintiff. The order was sustained on the ground that the trial court at least was warranted in dismissing the action on the theory of abandonment under subdivision 4 of section 581 of the Code of Civil Procedure.

It therefore should and will be presumed that the words ''with prejudice'' were inferentially attached to the form of dismissal as presented when it was made at a time when plaintiff had no right to make an unqualified dismissal and where the plaintiff abandoned further proceedings and the court dismissed the jury and, for all intents and purposes, did, in effect, allow a dismissal of the action, without the consent of all the parties and without a showing of just cause therefor. A dismissal, ''with prejudice,'' should and does, *ipso facto,* result.

 Plaintiffs concede that the defendants against whom the suit was dismissed, were entitled to costs, but claim that since the judgment of dismissal was filed with the clerk and known to have been so filed on October 20, the time within which defendants could file a cost bill began to run at that moment; that since it was not filed until October 26, the five days had run and the trial court was authorized to strike it.

Section 1033 of the Code of Civil Procedure requires that the prevailing party claiming costs must serve a copy of such cost bill upon the adverse party and file it not later than *five days after notice of entry of judgment* and a party dissatisfied with the costs claimed may, within five days of service of the copy, *file* a motion to have same *taxed.*

A dismissal of an action with prejudice is a final decision of the action and has the effect of terminating it and the rights of the parties are affected by it and in effect it is a final judgment in favor of defendants and defendants are entitled to recover their costs. (Code Civ. Proc., § 1032; *Spreckels* v. *Spreckels,* 172 Cal. 789 [158 P. 543]; *Whitaker* v. *Moran,* 23 Cal.App. 758 [139 P. 901]; 9 Cal.Jur. §§ 16-17, p. 524.) Entry in the minutes of a dismissal *by the court* constitutes sufficient entry of the judgment. (*Colby* v. *Pierce,* 17 Cal.App.2d 612 [62 P.2d 778]; *Consolidated Construction Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 P. 238]; *King* v. *Superior Court,* 12 Cal.App.2d 501 [56 P.2d 268]; *Gwinn* v. *Ryan,* 33 Cal.2d 436 [202 P.2d 51].) However, section 581d of the Code of Civil Procedure provides that "A *written dismissal* of an action shall be *entered* in the *clerk's register* . . . and is effective for all purposes when so entered," and that "All dismissals ordered by the court shall be entered upon the minutes . . . and . . . when so entered shall constitute judgments and be effective for all purposes." (Italics ours.) The clerk's register shows that on October 20 "The above entitled action is dismissed of even date herewith." In case of a dismissal by the plaintiff it is such *entry* that has the effect of a final judgment. (*King* v. *Superior Court, supra.*)

■ Since the dismissal became a judgment and was entered in the clerk's register on October 20, the next question is whether defendants had *notice of such entry,* within the meaning of section 1033, *supra.* It is plaintiffs' argument that the presence of counsel for defendants in the court and under the circumstances related was sufficient notice of such entry. Defendants' counsel argues otherwise and maintains that defendants never did have notice of the entry of the dismissal in the clerk's register. It is true that written notice of such entry is not required where there is actual notice of such entry. (*Dow* v. *Ross,* 90 Cal. 562 [27 P. 409]; *Mullally* v. *Irish-American Benevolent Society,* 69 Cal. 559 [11 P. 215]; *O'Neil* v. *Donohue,* 57 Cal. 226.)

It is clear from the proceedings had that defendants did have actual notice that plaintiffs had filed with the clerk a dismissal of the action and that the trial court acted upon such dismissal by excusing the jury from further attendance. However, there is no showing that the clerk at that time had entered such dismissal on her register. In fact, the entry of such dismissal on the register could have been delayed for several days without defendants' knowledge and the time for

filing such cost bill would not have run until defendants had *notice of such entry.* (*Hauptman* v. *Heebner,* 34 Cal.App.2d 600 [94 P.2d 48] ; *King* v. *Superior Court, supra,* at p. 508.) It appears that defendants did not have notice of the entry of the dismissal on the clerk's register in the instant action and the time for filing such cost bill would not commence to run until that occurred. The cost bill was therefore filed within time. The order striking same was erroneous. In view of this determination it becomes unnecessary to determine whether or not the motion to strike the cost bill was filed within five days after service of the copy of said cost bill upon plaintiffs' counsel.

Order appealed from is reversed.

Barnard, P. J., and Mussell, J., concurred.