[Civ. No. 17873.   Second Dist., Div. One.   Apr. 24, 1951.]

ROBERT E. BIGGS, Appellant, v. ANNA EVE BIGGS, Respondent.

William H. Brawner for Appellant.

No appearance for Respondent.

DRAPEAU, J.—To plaintiff's second amended complaint for divorce defendant answered, and prayed for affirmative relief.

February 11, 1948, one of plaintiff's attorneys filed with the clerk an order for dismissal of the action, with prejudice. This order was entered by the clerk.

October 7, 1949, plaintiff changed attorneys, and moved to set aside the dismissal. Notice of motion was given defendant's counsel. Affidavit was made by plaintiff that the dismissal was "inadvertently offered for filing," and was, and is, a nullity because affirmative relief was prayed for in the answer.

The motion was denied, and plaintiff appeals.

The case has been submitted to this court without argument and upon plaintiff's opening brief only. Defendant made no objection when the case was dismissed, no appearance when the motion to set aside the dismissal was made, and has filed no brief and made no appearance in this court.

The entry of an order for dismissal in the clerk's register has the effect of a final judgment. (*Hopkins* v. *Superior Court,* 136 Cal. 552 [69 P. 299]; *King* v. *Superior Court,* 12 Cal.App.2d 501 [56 P.2d 268]; *Fisher* v. *Eckert,* 94 Cal.App.2d 890 [212 P.2d 64].)

A judgment can be nullified by the court which rendered it only: (1) On motion for a new trial; (2) by a motion under the provisions of section 473 of the Code of Civil Procedure; (3) by motion therefor at any time where the judgment is void on its face; (4) by an independent suit in equity. (*Fisch & Co.* v. *Superior Court,* 6 Cal.App.2d 21 [43 P.2d 855].)

No appeal was taken from the order of dismissal. No motion for a new trial was made, nor for relief under the provisions of section 473 of the Code of Civil Procedure. And the time for any such legal proceeding has long gone by.

Although his own lawyer caused it, plaintiff makes the contention that the order of dismissal was a nullity, because af-

firmative relief was prayed for in the answer and the dismissal was not joined in by defendant and her counsel.

▮ Subdivision 5 of section 581 of the Code of Civil Procedure provides ''no such dismissal with prejudice shall have the effect of dismissing a counterclaim or cross-complaint filed in said action or of depriving the defendant of affirmative relief sought by his answer therein.'' While defendant wife has made no attempt to set aside the judgment of dismissal, so far as her prayer for affirmative relief is concerned, the action is still pending. ▮ If so advised, the trial court may, in the exercise of its inherent power, dismiss defendant's cause of action for want of prosecution, but such dismissal of course would not be with prejudice. (*Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 [107 P.2d 494].)

▮ So far as plaintiff is concerned, we have a final judgment (*Bendlage* v. *Kohlsaat,* 54 Cal.App.2d 136 [128 P.2d 691]) which the court had no power to set aside (*King* v. *Superior Court, supra*) and which bars and estops him from asserting its nullity. (*Dillard* v. *McKnight,* 34 Cal.2d 209 [209 P.2d 387]; 50 C.J.S. 62.)

Plaintiff's position is wholly inconsistent. When the order for dismissal was made, and when plaintiff acquiesced in it for so long a time, it evidenced a waiver and renunciation of any right to set it aside. ''The right to accept the fruits of a judgment or order, and the right to appeal therefrom, are not concurrent, but are wholly inconsistent, and an election of either is a waiver and renunciation of the other.'' (*San Bernardino County* v. *Riverside County,* 135 Cal. 618 [67 P. 1047]; *Conlin* v. *Southern Pac. Co.,* 40 Cal.App. 743 [182 P. 71].)

The order is affirmed.

White, P. J., and Doran, J., concurred.