[Civ. No. 4460.   Fourth Dist.   May 27, 1952.]

DALE RILEY, a Minor, etc., et al., Petitioners, v. SUPERIOR COURT OF ORANGE COUNTY, Respondent; PORTIA A. RILEY, Real Party in Interest.

Alford P. Olmstead for Petitioners.

Forgy, Reinhaus & Forgy. and Bertram H. Ross for Respondent.

MUSSELL, J.—In these proceedings, petitioners seek to set aside an order vacating a dismissal filed by the clerk in an action brought in the Superior Court of Orange County and to restrain the trial court from taking any further proceedings in said action.

The complaint, for declaratory relief, was filed in Orange County on November 15, 1951.   Defendant filed a demurrer

thereto and a motion to strike portions of the complaint. On January 31, 1952, defendant filed her answer and on March 21, 1952, moved for judgment on the pleadings. The trial court continued the hearing on these matters to April 11, 1952, and on that date, prior to the hearing, plaintiffs' attorney filed a dismissal of the action with the county clerk. Plaintiffs then objected to further proceedings at the hearing on the motions on the ground that a dismissal of the action was on file with the clerk. The objection was overruled and the court ordered that the dismissal be set aside, continuing the hearing on the motions to April 18, 1952. Plaintiffs then filed a petition for a writ of prohibition and certiorari herein.

It is conceded that plaintiffs had the right to dismiss the action under the provisions of section 581 of the Code of Civil Procedure, provided that no affirmative relief was sought by defendant in her answer and the principal question involved herein is whether such relief is sought therein.

It is alleged in the complaint, among other things, that defendant claims to own solely and exclusively an undivided one-half interest in and to real property known as the Riley Building (particularly described in the complaint) and all of three parcels of real property described on ''Schedule 3'' (attached to the complaint) free and clear of any rights of plaintiffs or interests therein; that said claim is without right and plaintiffs are and of right ought to be the owners of and entitled to an undivided one-third of an undivided one-half interest in the Riley Building and an undivided one-third interest in the property described in Schedule 3; that defendant holds the same in trust for the plaintiffs and that plaintiffs are entitled to one-third of the rentals received from the Riley Building.

In the answer filed by the defendant Portia A. Riley it is alleged, among other things, that by virtue of a devise to her in the last will of Chester J. Riley she is the owner of an undivided one-half interest in the Riley Building, free and clear of any claims, demands or rights of the plaintiffs. The answer sets forth the will and agreement under which she claims title and it also alleges that the agreements under which plaintiffs were claiming title had been set aside and terminated by a later agreement between the parties. In the prayer in her answer, defendant seeks a court decree that she is entitled to the estate of Chester J. Riley in accordance with the terms and provisions of his last will and

testament and that plaintiffs are not entitled to any relief on their complaint. By her answer, defendant seeks a decree establishing her title to real property. She sets forth the instruments upon which she relies and alleges that plaintiffs have no interest in the property claimed by her. Clearly, affirmative relief is sought in the answer within the meaning of section 581 of the Code of Civil Procedure. (*Aten* v. *Aten*, 69 Cal.App.2d 589 [159 P.2d 672].)

Petitioners next claim that the superior court action here involved stands dismissed and the attempt of the lower court to decide it upon its merits is in excess of its jurisdiction. In this connection, the case of *Biggs* v. *Biggs*, 103 Cal.App. 2d 741 [230 P.2d 32], is cited. It is there held that the entry of an order for dismissal in the clerk's register has the effect of a final judgment and that a judgment can be nullified by the court which rendered it only: (1) On motion for a new trial; (2) by a motion under the provisions of section 473 of the Code of Civil Procedure; (3) by motion therefor at any time where the judgment is void on its face. ■ However, the county clerk, in entering the order for dismissal, acts in a mere ministerial capacity and exercises no judicial function. In exercising the power conferred, he is required to conform strictly to the provisions of the statute or his proceedings will be without binding force and any judgment entered by him will be void. (*Baird* v. *Smith*, 216 Cal. 408, 410 [14 P.2d 749]; *Burtnett* v. *King*, 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333].) Since affirmative relief was sought in the answer filed by defendant, the dismissal was without authority and void. ■ As is said in *Olivera* v. *Grace*, 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328]:

". . . a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored. (*People* v. *Greene*, 74 Cal. 400 [16 P. 197, 5 Am.St.Rep. 448]; 126 A.L.R. 968; 31 Am.Jur. 298; 14 Cal.Jur. 1023, 1024.)"

In the instant case we conclude that the trial court properly set aside and vacated the dismissal. The writ is denied.

Barnard, P. J., and Griffin, J., concurred.