[Civ. No. 20017. Second Dist., Div. Three. July 28, 1954.]

MARGARET M. CARVEL, Respondent, v. CURT A. ARENTS et al., Appellants.

Lehman & Van Buskirk for Appellants.

Nathan Goller for Respondent.

SHINN, P. J.—Plaintiff brought this action seeking damages for alleged fraud in the sale of a parcel of real estate to her by Bess Tate Ayres. In addition to defendant Ayres several others alleged to have acted as brokers for the seller were named as defendants. In substance the alleged fraud consisted of representations that the property was worth much more than plaintiff paid for it, was actually worth considerably less and the further representation that it could be resold within a month at a profit to plaintiff. Defendants answered.

When the case came on for trial plaintiff was granted leave to file a fourth amended complaint by the addition of several allegations contained in a former pleading. It was stipulated that defendants would be deemed to have denied

the allegations of the amended pleading. The so-called fourth amended complaint was not filed. Plaintiff called to the stand Bess Tate Ayres and Lucille Kasnick under section 2055, Code of Civil Procedure. The record shows these witnesses were questioned but does not contain their testimony. Court was adjourned to the afternoon session. When court reconvened plaintiff, by her attorney (other than her present attorney), addressed the court as follows: "Your Honor, the plaintiff will at this time desire to file a request for entry of dismissal without prejudice as to all defendants." Defendants objected that the action could not be dismissed without prejudice, the trial having commenced. The court stated: "The motion will be granted, without prejudice." There was brief discussion thereafter; defendants continued to object, plaintiff's counsel said his authority was a certain law professor, although the professor was not quoted, and it does not appear that anyone looked at section 581 of the Code of Civil Procedure before the court announced its ruling, and later said the ruling would stand. The record shows that on the same day plaintiff's attorney also filed with the clerk a request for a dismissal without prejudice as to all defendants and that a dismissal was thereafter entered by the clerk. Defendants appeal.

Section 581, subdivision 1, Code of Civil Procedure, allows a dismissal, by plaintiff by written request to the clerk at any time before the actual commencement of the trial. Subdivision 5 of the section allows a party to dismiss his action with prejudice at any time before decision is rendered by the court. Also dismissal without prejudice may be had after actual commencement of the trial "either by consent of all of the parties to the trial or by order of court on showing of just cause therefor."

Plaintiff relies upon the authority of the court to grant a dismissal without prejudice "on showing of just cause therefor," and she says that it must be presumed that just cause existed for the order. It appears in the reporter's transcript that plaintiff's attorney introduced the matter of a dismissal by the statement above quoted. No reason for his action was stated at any time. He took the position that he had a right to dismiss without prejudice at any time before the submission of the cause. This was the procedure in justices' courts under original code section 890 but with relation to dismissals in the superior court it has always been the law as stated in section 581, Code of Civil Proce-

dure, that the plaintiff could dismiss by written request to the clerk at any time before "trial" or "actual commencement of trial." At present the beginning of an opening statement, or if there be none, the administering of the oath or affirmation to the first witness, or the introduction of any evidence is the commencement of the trial. As we have seen, witnesses were sworn and testified before plaintiff made known her desire to dismiss. A dismissal was not requested on the basis of the existence of just cause. The court did not order a dismissal. The record shows that the clerk noted on plaintiff's request for a dismissal without prejudice "Dismissal entered this 17 day of Apr., 1953" but it does not show any order by the court, or any entry of an order of dismissal by the court.

The action was not dismissed without prejudice. As a dismissal without prejudice under section 581, subdivision 1, Code of Civil Procedure, the request to the clerk was not timely. Plaintiff did not move for an order of dismissal, but only stated a desire to file a request for entry of a dismissal without prejudice. The contention that the court ordered a dismissal for good cause is refuted by the record.

Section 581 states the conditions in which a dismissal without prejudice can be entered at the request of the plaintiff or upon order of the court. (*Amestoy Estate Co.* v. *City of Los Angeles*, 5 Cal.App. 273 [90 P. 42] ; *Townsend* v. *Driver*, 5 Cal.App. 581 [90 P. 1071] ; *Fisher* v. *Eckert*, 94 Cal.App.2d 890 [212 P.2d 64].)

 A dismissal with prejudice may be ordered by the court "when upon the trial and before final submission of the case, the plaintiff abandons it." (Code Civ. Proc., § 581, subd. 4.)

 If, after the trial has commenced, the court on motion of plaintiff for a dismissal without prejudice, orders a dismissal (opinion of Supreme Court in denying a hearing in *Menotti* v. *Marchesi*, 63 Cal.App. 49, 53 [218 P. 439]), or a dismissal with prejudice (*Burnett* v. *Burnett*, 88 Cal.App.2d 805 [199 P.2d 685]), a plaintiff's motion will be deemed an abandonment of the case.

 The filing of a request for dismissal after the trial has commenced and the granting by the court of a request to dismiss the action by filing a direction with the clerk should also be deemed an abandonment, even though plaintiff states that the dismissal is without prejudice. If the

plaintiff desires to have the action dismissed by the court without prejudice, after trial has commenced, it is necessary that he show good cause for dismissal.

The entry by the clerk of the dismissal is a judgment (Code Civ. Proc., § 581). Insofar as the judgment purports to be a dismissal without prejudice it is void. (*Riley* v. *Superior Court,* 111 Cal.App.2d 365 [244 P.2d 474].)

The judgment is modified by striking therefrom the words "without prejudice" and as modified is affirmed.

Wood (Parker), J., and Vallée, J., concurred.