[Civ. No. 6613. Fourth Dist. Nov. 17, 1961.]

ROBERT LEE KRITSER, Plaintiff and Appellant, v. NELLIE KUTTRUFF, Defendant and Respondent.

GEORGE M. ENGLEHARD et al., Plaintiffs and Appellants, v. NELLIE KUTTRUFF, Defendant and Respondent.

Robert M. Holstein for Plaintiffs and Appellants.

King & Mussell for Defendant and Respondent.

SHEPARD, J.—This is an appeal by plaintiffs from judgments for defendant in an action for damages arising out of an automobile collision.

### FACTS

The pertinent facts shown by the record before us are substantially as follows: On April 17, 1958, at about 9:45 o'clock a. m. on a clear, dry day, plaintiffs Robert Lee Kritser, his wife Mable Kritser and Helen Englehard, were travelling southerly on Highway 95 toward Blythe near Vidal Junction in a 1956 Ford station wagon belonging to plaintiff George M. Englehard. At the same time and place, Ruben Bonnell was

driving defendant's 1954 GMC panel delivery truck in a northerly direction. A head-on collision occurred between the two vehicles. Both Mable Kritser and Ruben Bonnell lost their lives as a result of the accident and no testimony was available from either.

Plaintiff's vehicle left two parallel tire marks 44 feet in length entirely within its south bound lane prior to the point of impact. Defendant's vehicle left 537 feet of tire marks prior to the point of impact. The evidence was sufficient to support the conclusion that the right rear tire of defendant's vehicle blew out and that during the 537 feet of tire marks left by it, said vehicle was out of control. The evidence was also sufficient to support the conclusion that the point of impact was in plaintiff's south bound lane. The evidence was susceptible of different interpretations on the subject of whether or not Bonnell had applied his brakes during the time that the 537 feet of tire marks were laid down and over what distance, if at all, brakes were applied.

### Theories of the Parties

It was plaintiffs' theory that the accident was proximately caused by negligently excessive speed of defendant's vehicle; that the blow-out was caused by an obviously worn condition of the tire; that Bonnell was negligent in his application of brakes; and that the laundry truck had no protective partition to prevent the laundry load from shifting forward onto the driver's back. (*Sherman* v. *Frank,* 63 Cal.App.2d 278, 281 [2] [146 P.2d 704].)

It was defendant's defense theory that Bonnell was driving at a lawful speed; that the tire which blew out was of sound and serviceable appearance and there was no reason to suspect that it would blow out; that the tire marks were primarily caused by centrifugal impulse of weaving while the car was out of control due to the blown right rear tire and not from the application of brakes; that during all the 537 feet referred to, defendant's vehicle was completely out of control of the driver. Contributory negligence was pleaded.

### Expert Witness Must Qualify

The sole point made on this appeal by plaintiffs is that the trial court committed prejudicial error in sustaining defendant's objections to the admission of the testimony offered by plaintiffs through the deposition of California Highway Patrol Officer John Mullen. With this we cannot agree.

In his deposition Mullen testified in general effect that he had been trained to observe tire marks on the highway and to decide from visual examination of such marks on the ground certain facts, among which was whether or not the marks had been caused by the application of brakes. He testified that from his visual examination of the tire marks on the ground in the case here at bar, he had been unable to form an opinion as to whether or not the brakes of defendant's vehicle had been applied during the period when the observable marks had been laid down, that at a time he had previously testified at the coroner's inquest he had also so testified; that the line of the tire mark plus the width of the tire mark as compared to the width of the tire were the two principal factors on which his opinion relating to application of brakes would be based. He testified that from his examination of the photographs he could not accurately ascertain the width of the mark of defendant's tire and that he could think of no other factors to consider in determining whether the mark was made by the application of brakes or otherwise. He stated that he had an opinion based *entirely on his examination* of the photographs at the time of taking of the deposition that the marks showed *some* application of brakes. Repetition of questions made it clear that this opinion was not from visual observation on the ground but solely from the photographs. He did not say that his opinion resulted from the photographs refreshing his memory of what he saw on the ground nor did he testify that his opinion formed from what he saw on the ground had been changed.

During the witness' *voir dire* qualification for the purpose of allowing him to give an expert opinion on the tire marks, the questions were confined solely and entirely to actual visual observation *on the ground.* Nothing whatever was said about examination of photographs. Defense counsel objected to the reception of witness' opinion on the subject of brake application insofar as that opinion was based solely on the photograph. This objection was based on the ground that the witness had not qualified in any respect to permit him to testify as an expert through the interpretation of photographic evidence and on the further ground that the witness had testified to no visual findings to connect any of the marks with any of the vehicles in his photograph analysis and he had attempted to give nothing in the way of distance respecting the application of brakes. The trial judge sustained the objections.

### QUALIFICATION NECESSARY FOR EXPERT OPINION

When a deposition is offered in evidence the objections to the admissibility of testimony on a particular subject are reserved to the time of trial and are properly made prior to the reading of the deposition. (Code Civ. Proc., § 2032 [now § 2016, subd. (e)]; *Estate of Martin*, 170 Cal. 657, 665 [4] [151 P. 138]; *Martyn* v. *Leslie*, 137 Cal.App.2d 41, 58 [9] [290 P.2d 58].) Officer Mullen was never asked any questions whatever about his experience or studies or any other type of qualification to interpret photographic evidence. He did not in any way, by interpolation or otherwise, connect his attempted interpretation of the photographs with what he actually saw on the ground. He did not say that the photographs refreshed his memory or helped him to understand what he had seen. The objection was proper and the ruling was correct.

The responsibility for determining the competency and qualification of a witness to state an expert opinion rests with the trial court, and in the absence of a clear showing of abuse of discretion its ruling on such a matter will not be disturbed on appeal. (*Pacific Gas & Elec. Co.* v. *Hufford*, 49 Cal.2d 545, 563 [18] [319 P.2d 1033]; *Huffman* v. *Lindquist*, 37 Cal.2d 465, 476 [10] [234 P.2d 34, 29 A.L.R.2d 485]; *Pobor* v. *Western Pac. R. Co.*, 55 Cal.2d 314, 326 [17] [11 Cal.Rptr. 106, 359 P.2d 474]; *Applegate* v. *Wilson*, 156 Cal. App.2d 330, 334 [319 P.2d 401].)

### COMMENTS OF TRIAL COURT

The trial judge, in sustaining an objection, made the comment that he would sustain the objection because it appeared that the witness was guessing at what was shown by the photographs; that the witness did not have an opinion on the subject at the time he was at the scene of the accident; that the witness in his testimony also stated, "Anyway, I have no opinion as to whether the brakes had been applied prior to the accident," and that this was inconsistent with the witness' testimony that he had an opinion from merely looking at the photographs. Plaintiffs complain that the court failed to express the correct ground for sustaining the objection. It must be remembered that the witness had previously testified at the coroner's inquest that he had formed no opinion from his ground observation regarding brake application of defendant's vehicle. When reminded of this during the taking of the deposition he confirmed that statement, adding the

comment quoted above by the trial court. He testified he could not accurately determine from the photographs the width of the tire marks. He then stated that the length and width of the tire marks were the only two factors he could think of as the basis for his opinion.

The trial judge had the sole duty of determining whether or not the witness was qualified as an expert to express an opinion on the subject by mere analysis of the photographs. From his comment, we interpret the meaning of the trial judge to be that in his opinion the witness, by his own testimony, had demonstrated his lack of qualification to form, from the photographs alone, the opinion sought to be expressed, and that the testimony therefore showed the witness was merely guessing. Thus interpreted, the comment was directly in point on the ground of the ruling. After reading the argument of the attorneys which preceded the ruling the comment can only be understood to be directed to what was before the court, to wit, that the witness not only had failed to give any background of training to qualify him as an expert, but had also testified that one of the vital factors for giving such opinion could not be accurately ascertained from the very photographs on which the witness sought to base the opinion and that therefore the witness was merely guessing as distinguished from giving an opinion based on qualification plus observed facts. In any event, whether our interpretation of the judge's intentions by his comment is correct or not, a correct ruling will be upheld even though based on an erroneous ground. An appellate court concerns itself with the correctness of a trial court's ruling, and not with the reasons assigned therefor. (*Bealmear* v. *Southern Calif. Edison Co.*, 22 Cal.2d 337, 339 [1] [139 P.2d 20] ; *Hayutin* v. *Rudnick*, 115 Cal.App.2d 138, 141 [6] [251 P.2d 707] ; *Ward Mfg. Co.* v. *Miley*, 131 Cal.App.2d 603, 605 [2] [281 P.2d 343].)

All other points discussed are ancillary to the sole point on appeal and are controlled by what we have already said.

The judgments are affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 9, 1962.