[Civ. No. 22329.   Second Dist., Div. Three.   Feb. 28, 1958.]

MARTHA J. TAORMINA, Respondent, v. COSMO V. TAORMINA, Appellant.

Potruch & Lerten, Erwin Lerten and Harlin M. Fuller for Appellant.

David A. Fall and Kenneth W. Gale for Respondent.

WOOD (Parker), J.—Appeal by defendant from an order denying a motion to set aside an interlocutory judgment of divorce or, in the alternative, to correct a clerical mistake in the judgment.

Appellant contends that a valid (interlocutory) judgment was not rendered herein; that the interlocutory judgment which was entered is void; and that if a valid (interlocutory) judgment was rendered, such judgment was the minute order which was entered after the trial.

In October, 1947, Mrs. Taormina commenced an action for divorce. Mr. Taormina filed an answer and cross-complaint. On March 12, 1948, the matter was tried before Judge Still. At the conclusion of the trial, Judge Still announced his decision, and the parties waived findings. On March 23, 1948, a minute order which was dated March 12, 1948, was entered. The minute order states, in part, that plaintiff is granted an interlocutory judgment of divorce and that "the real property . . . and furnishings [are] awarded to plaintiff as her sole and separate property; the real property now subject to a first trust deed in the sum of $5400.00 is to be plaintiff's, free and clear. Both parties, however, are to join in refinancing said property at the increased amount of $500.00. The interest in the café is awarded to the defendant as his sole and separate property . . . ." Subsequent to March 12, 1948, and prior to April 5, 1948, Judge Still became incapacitated by

illness and he remained incapacitated until his death May 6, 1948. On April 5, 1948, the clerk of the court (Mr. Jasper Likes) presented to Judge Miller an interlocutory judgment of divorce which had been prepared by Mrs. Taormina's attorney. Judge Miller wrote at the lower left side of the judgment, as follows: "Approved Fred Miller Judge April 5, 1948." The initials "J. L." appear in the lower left margin of the judgment, opposite the signature of Judge Miller. On April 8, 1948, the interlocutory judgment was entered. That judgment provides, in part, that plaintiff "have as her sole and separate property the following described real property located at 1400 La Grande Terrace, San Pedro, California [legal description]"; and that defendant (Mr. Taormina) is ordered to make the payments "on said home until paid in full"; and that "an additional loan shall be made on said property not to increase the encumbrance over $6000.00, and both parties hereto are ordered to sign any papers necessary to complete the transaction." The judgment further provides "that defendant have as his sole and separate property that certain business known as Fisherman's Wharf Sea Food Grotto . . . ." On April 9, 1949, at the request of Mrs. Taormina's attorney, and upon motion of the court, a final judgment of divorce was entered. The final judgment, which refers to the interlocutory judgment that was entered on April 8, 1948, provides, in part, that plaintiff is granted a final judgment of divorce; and that "wherein said interlocutory judgment relates to the property of the parties hereto, said property be and the same is hereby assigned in accordance with the terms thereof to the parties therein declared to be entitled thereto."

On August 15, 1956, Mr. Taormina filed a notice of motion to set aside the interlocutory judgment or, in the alternative, "to correct a clerical mistake in the judgment entered so as to make it conform to the judgment actually rendered and directed herein." The alleged clerical mistake, according to Mr. Taormina, was that an interlocutory judgment should not have included a provision to the effect that he pay the indebtedness of approximately $5,400 which was on the home property that was awarded to Mrs. Taormina. It seems to be his contention that, according to the minute order, the home which was subject to a $5,400 trust deed was "to be plaintiff's free, and clear," except for the indebtedness of $5,400.

In support of his motion, Mr. Taormina filed an affidavit

of Harold L. Johnson, one of his present attorneys. In that affidavit, Mr. Johnson made substantially the same statements, as are hereinabove made, regarding the pleadings and proceedings.

In opposition to the motion, Mrs. Taormina filed affidavits of Julian P. Van Dyke (her attorney), Allan F. Bullard (attorney for Mr. Taormina at the trial), Joseph Likes (the court clerk), and herself.

Mr. Van Dyke stated in his affidavit: At the trial of the divorce action, Mrs. Taormina was granted a divorce and the parties stipulated ''as to the payments of alimony, child support, divisions of property, and payments to be made thereon''; the stipulation was approved by the court and made part of the order pronounced by Judge Still at the time he granted plaintiff (Mrs. Taormina) a divorce; thereafter he (Mr. Van Dyke) prepared an interlocutory judgment of divorce and submitted it to Allan F. Bullard for his approval as attorney for Mr. Taormina; Mr. Bullard approved the interlocutory judgment ''as being an accurate reproduction of the order made by'' Judge Still; the interlocutory judgment in the file in the action is the interlocutory judgment which was approved by Mr. Bullard; the minute order does not completely set forth the judgment as given by Judge Still; the interlocutory judgment does set forth the judgment which was rendered by Judge Still.

Mr. Bullard's affidavit was in substance the same as the affidavit of Mr. Van Dyke.

Mr. Jasper Likes, who was the clerk in the department of the court where the case was tried, stated in his affidavit: When an interlocutory judgment of divorce was presented for signing, he customarily compared it with the judgment previously rendered; if he found the judgment presented to be a correct copy of the judgment previously rendered, he placed his initials ''J.L.'' in the left margin of the judgment; the initials ''J.L.,'' appearing in the left margin of the interlocutory judgment entered in the present action, are his initials and were placed thereon after he had compared the judgment with ''that'' previously rendered by the court and he had determined that the judgment presented was correct.

Mrs. Taormina stated in her affidavit that after the entry of the final decree herein she had married a person other than Mr. Taormina, and that Mr. Taormina had married another person.

In a counteraffidavit filed by Mr. Taormina, he stated that after the action was called for trial Mrs. Taormina's attorney

stated that a property settlement agreement had been reached; he (Mr. Taormina) did not recall the exact words of the attorney; he was certain the attorney ''made no statement about my making the payments on the house.''

In support of his contention that a valid interlocutory judgment was not entered and that the interlocutory judgment which was entered is void, appellant (Mr. Taormina) states that at the time of trial of the action it was the procedure of the trial court to make a final decision by a formal interlocutory judgment and to provide therein that a final judgment would be entered after the lapse of one year from the entry of the interlocutory judgment. Appellant argues that since the minute order which was entered herein is not in the form of an interlocutory judgment and does not provide that a final judgment will be entered after the lapse of one year, it appears that Judge Still did not intend that the minute order should be his decision and he intended to make his decision by a formal interlocutory judgment; that since Judge Still did not sign the interlocutory judgment which was entered, he did not make a decision; and that since a litigant is entitled to have the decision made by the judge who tried the case, no valid decision was rendered and there is no judgment, and ''the judgment entered'' is void.

Respondent (Mrs. Taormina) argues that since Mr. Taormina has acquiesced in the judgment and accepted its benefits, he cannot ''come into Court nine years late . . . after the parties have relied upon the judgment by remarrying . . . and assert that there never was a judgment.'' In *Storke* v. *Storke,* 132 Cal. 349 [64 P. 578] the court, in quoting from another case, said at page 353: ''It seems to be the law that a party cannot be relieved from a judgment of divorce after he has used the privilege of the judgment. Having availed himself of the benefits of the decree or judgment, he must bear its burdens.'' In *Union Bank & Trust Co.* v. *Gordon,* 116 Cal.App.2d 681 [254 P.2d 644], the court said, at page 684: ''It is established doctrine in this state that a spouse who remarries with knowledge of and in reliance on a decree of divorce secured by the other spouse, is estopped from contesting the validity of the decree.'' In *Wendell* v. *Wendell,* 111 Cal.App.2d 899 [245 P.2d 342], the court said, at page 902: ''The law is well settled in this state that one who remarries with knowledge of and in reliance on a divorce secured by the other spouse, is estopped to deny the validity of the divorce.'' In *Rediker* v. *Rediker,* 35 Cal.2d 796 [222 P.2d

1, 20 A.L.R.2d 1152], the court said, at page 805: "The validity of a divorce decree cannot be contested by a party who has procured the decree or a party who has remarried in reliance thereon . . . ." In *Biggs* v. *Biggs,* 103 Cal.App.2d 741 [230 P.2d 32], upon the request of plaintiff's attorney, the action was dismissed with prejudice. The order therein dismissing the action was entered February 11, 1948. In that case plaintiff (acting through another attorney) made a motion on October 7, 1949, to set aside the dismissal. Plaintiff therein appealed from the order denying the motion, and contended that the dismissal was a nullity for the reason that the answer prayed for affirmative relief. The court, in affirming the order, said at page 743: "When the order for dismissal was made, and when plaintiff acquiesced in it for so long a time, it evidenced a waiver and renunciation of any right to set it aside." In the present action, the interlocutory judgment was entered April 8, 1948. The final judgment herein, which assigned the property of the parties in accordance with the terms of the interlocutory judgment, was entered April 9, 1949. The motion to set aside or correct the interlocutory judgment was filed August 15, 1956. Mr. Taormina did not deny the statement made by Mrs. Taormina, in her affidavit, that he had remarried after the entry of the final judgment. Apparently he accepted the award provided for him in the interlocutory judgment that he have the Fisherman's Wharf Sea Food Grotto. Mr. Taormina relied on the interlocutory judgment and availed himself of its benefits. He acquiesced in the judgment for several years and thereby he evidenced a waiver and renunciation of any right to set it aside.

Appellant (Mr. Taormina) also contends that if a valid interlocutory judgment was rendered herein, such judgment is the minute order. The appeal herein is from the order denying his motion to set aside the interlocutory judgment which was entered or, in the alternative, to correct a clerical mistake in that judgment. It does not appear that he asserted in the trial court that the minute order was the judgment. Such contention is inconsistent with his assertion that a valid interlocutory judgment was not rendered and is inconsistent with his argument that Judge Still did not intend that the minute order should be an interlocutory judgment. The interlocutory judgment was prepared by Mrs. Taormina's attorney. The evidence was sufficient to support findings that the interlocutory judgment was approved by Mr. Taormina's attorney; that the parties did not consider the minute order

to be an interlocutory judgment; that the interlocutory judgment, which was entered, correctly stated the stipulation of the parties and the decision announced by Judge Still.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 23, 1958.