[Civ. No. 8280. First Appellate District, Division One.—June 4, 1932.]

ROBERTS LAND AND IMPROVEMENT CO. (a Corporation), Appellant, v. M. DALLAS, Respondent.

William H. Wylie and E. P. Sample for Appellant.

Moote & Longcroft for Respondent.

GRAY, J., *pro tem.*—The plaintiff, in an action to quiet its title to certain property, appeals from an adverse judg-

ment, assigning as error the exclusion from evidence of three documents and certain testimony offered by it. The parties stipulated that the property was conveyed by deed on December 21, 1914, to John L. Roberts, the common source of title, and that on August 27, 1917, the latter by deed transferred the property to Laura A. Roberts, his wife.

To rebut the presumption raised by section 164 of the Civil Code that the title thereby vested in the wife as her separate property, plaintiff offered the following agreement made by the husband and wife on March 15, 1917 (formal parts omitted and italics supplied) : " . . . it is mutually agreed . . . that all real estate . . . *held* by either party . . . is community property without reservation and it shall be held as such *until this agreement has been revoked or annulled in writing by mutual consent"*. Defendant's objection that the agreement was immaterial was sustained.

It is appellant's contention that because of the terms of this prior agreement, the title conveyed by the subsequent deed still remained in the parties as community property and did not vest in the wife as her separate property. On the other hand, respondent argues that the italicized word "held" limited the operation of the agreement to property owned at the date of the agreement and that the deed was a *pro tanto* revocation of the agreement, in accordance with the italicized phrase of the agreement. Neither grammatically nor by context did the word "held" limit the operation of the agreement to property owned by the parties at its date, but it included therein property subsequently acquired. (*Starr* v. *Case,* 59 Iowa, 491 [13 N. W. 645].)

But the deed, being inconsistent with the agreement, did work its partial revocation, unless the husband by its execution and delivery, and the wife by her acceptance, intended merely an idle act. It cannot, however, be presumed that the deed was a nullity, but on the other hand, it must be presumed that the parties intended the apparent effect of the deed, i. e., the change of the character of the property from community to separate. Such presumption is in accord with cardinal rules of interpretation, that is, that the grantor intended the result of his own voluntary act, that the grantee accepted a deed beneficial to herself, and that the deed was effective to accomplish its apparent purpose. Nor does the agreement prescribe that its revocation can

only be accomplished by another agreement of revocation. It merely requires a written revocation consented to by both parties. The deed meets the requirement as to a writing and the consent is supplied by the grantor's delivery and the grantee's acceptance. The trial court properly rejected the agreement.

In further deraignment of its title, appellant offered and the court upon respondent's objection rejected two assignments; one from John Roberts to Lee J. Roberts and the other from the latter to appellant. Each assignment was identical in form except as to parties and read in material parts as follows: ''Assignment of claim and judgment against the Estate of Laura A. Roberts and the Security Trust & Savings Bank her administrator. The undersigned, John Roberts, . . . assign, sells and forever sets over unto Lee J. Roberts any . . . judgment . . . which may hereafter be in favor of the undersigned in any action and any . . . monies or properties real or personal which may be due the undersigned from the said defendant . . . on account of the matters covered by the above entitled claim . . . ; and the said defendant . . . are hereby notified . . . to pay any monies due or to become due on account of the matters included in said claim . . . to the said Lee J. Roberts. . . . '' The language used more aptly would describe an assignment of personal property rather than a conveyance of real property. Giving the greatest possible effect to the words ''properties real'' the instrument does not purport to convey any interest in real property, but rather assigns a chose in action based upon a claim that real property may be due. Not only was there no showing at the time of the offer what the nature of the claim was nor that it had been reduced to judgment, but it subsequently appeared that litigation between the estate and the husband upon the claim was then pending and undecided. Furthermore the above deed having vested title in the wife as her separate property, the assignments could not have transferred any interest therein and so the trial court properly rejected them as immaterial.

In support of her title respondent introduced proceedings in foreclosure of a mortgage upon the property in dispute given by the wife to the bank, which subsequently became the administrator of her estate, as security for the note of herself and husband. Appellant offered to prove

that the bank, without consideration, assigned the note to a substituted plaintiff during the pendency of the action; that the bank in fact was the real plaintiff as mortgagee, and defendant as administrator; that the note prior to decree was paid by the wife's heirs and devisees; that respondent purchased the property as agent for such heirs and holds title as their trustee; and that the foreclosure action was merely a device to transfer title to such heirs in fraud of the husband's rights. The record does not permit our consideration of the alleged error in the rejection of such evidence, because the attacked proceedings are absent and in lieu thereof appears a stipulation that such proceedings were regular. However, any error in that regard would not benefit appellant because it must recover upon the strength of its own title and not upon the weakness of respondent's. (22 Cal. Jur. 167.)

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.