[Civ. No. 18765. Second Dist., Div. One. July 28, 1952.]

ZABELLE ABALIAN et al., Respondents, v. TOWNSEND SOCIAL CENTER, INC., et al., Appellants.

Martin Korstad and Joan H. Martin for Appellants.

Arthur C. Fisher, John C. Packard and Newell Barrett for Respondents.

Edmund G. Brown, Attorney General, Edward Sumner, Deputy Attorney General, as Amici Curiae on behalf of State of California.

DORAN, J.—The judgment herein ordered dissolution of the Los Angeles Social Center, Inc., formerly known as the Townsend Social Center, Inc., a nonprofit membership corporation. Incorporated in 1945, the articles of incorporation recite as purposes of incorporation, the "mutual improvement of its members for social and educational purposes"; and to "acquire and maintain a clubhouse or clubrooms and to take, receive, hold and convey real and personal estate necessary for these purposes." Also enumerated as purposes are the study of "sound old age pensions," and the dissemination

of information "concerning the economic, social and pension views of Dr. Townsend."

A permit, which expired in 1947, authorized the issuance of memberships at a price of $100 each. In this manner some $25,000 was raised, the money being used to pay the balance due on the purchase of three lots located on the northeast corner of Sixth Street and Bonnie Brae, in Los Angeles. The total assets of the center, approximately $27,797.25 at the time of commencement of the action, consist of said lots, furniture and fixtures valued at $1,924, and cash on hand of approximately $800.

The center was, according to appellants' brief, "roughly analogous to an embryonic combined Young Men and Women's Association for old people." The majority of the members are persons over 65 years of age. Accommodations for members have been provided in the Embassy Building, 517 W. Ninth Street, Los Angeles, at a rental cost of $500-550 per month.

At the oral argument on this appeal the attorney general appeared for the State of California and as a friend of the court, and stated: "But we reiterate we are not taking sides but are merely putting the court on notice of the provisions in the Corporations Code, secs. 9505 and 9801, specifically referring to public trusts," calling attention to the fact that "the Attorney General is charged with the duty of supervising nonprofit organizations who hold assets charged with a public trust. It appears in this instance that the likelihood of such a trust exists." The attorney general further stated that "under the *cy pres* doctrine, if the court finds reasons for dissolution, it may be a particular trust which for the moment goes out of existence but the trust remains. We urge the court to keep in mind under the *cy pres* doctrine we are obligated to see to it that a new trustee is appointed."

In the fourth amended complaint, and supplemental complaint, plaintiffs allege that the named plaintiffs "constitute more than one-third of the members of said corporation," and pray for the "involuntary winding up and dissolution" of the center. As reasons for dissolution it is alleged that the directors "have been guilty of persistent mismanagement"; that "They have for a period of over three years," represented to prospective members that a height limit building "was presently to be erected" on the property owned by the center, but that in four years no such building has been erected, and that "as a consequence the investment of these plaintiffs and other members will be lost."

It is further alleged that the directors have "adopted by-laws in conflict with the provisions of the articles of incorporation. Article VIII provides that "Said certificates of membership shall not be assignable or transferrable," whereas defendants have adopted a by-law, section 4 of article V, providing that a member "may cause his certificate of membership to be issued in the joint names of himself and his spouse or anyone of his children, or, upon the payment of a transfer fee of $5.00 he may cause said membership certificate to be transferred into the name of his spouse or child as the case may be." Also charged, is that the directors had issued 29 membership certificates to various Townsend Clubs and organizations in violation of the by-laws which provide that "No one shall become a member of this corporation who is not a citizen of the United States." Other violations are likewise alleged.

Liquidation of the corporation is declared "reasonably necessary to protect the rights and interest of the members," because "All interest in said certificates ceases on the death of a member"; that at least 20 members have already lost their interests by reason of death, and that since the majority are over 65 years of age, such members "are in danger of losing their interest . . . by reason of their death." It is also alleged that "The proposal plan to erect a building . . . has no chance for success," since the cost thereof is estimated at $1,000,000, and no method of financing has been proposed other than by securing gifts from the public. The complaint asks for the dissolution of the center and that after payment of debts and obligations, "the remaining assets be divided among the members." The trial court found in favor of the plaintiffs and ordered dissolution, retaining "jurisdiction to make such further orders in connection with the winding up and dissolution of the corporation as justice and equity require."

It is appellants' contention that the trial court did not have jurisdiction "because the requirement of California Corporations Code Section 4650(b) that an action for involuntary winding up or dissolution . . . must be brought by the holders for a period of not less than six months and who hold not less than 33⅓ per cent of the number of outstanding shares was never met." In this connection it is claimed that the trial court had determined that memberships issued to various Townsend Clubs were void, and after a "cursory examination of the books," had subtracted 20 of such member-

ships from an original membership of 216, and that "In subtracting these 20 memberships the Court did not go into the question of whether any of the voting members held their certificates outright, or whether the certificates were actually purchased by the club that the voting representative purported to represent."

The record discloses that, after considerable discussion between the trial judge and the attorneys in reference to memberships in the center, and whether the complaint was brought by persons holding not less than "33⅓ per cent of the number of outstanding shares," as required by California Corporations Code, section 4650'(b), hereinbefore referred to, a stipulation was entered into "that there were not more than 196 valid memberships ever issued," and "that there were in the complaint 68 valid names who were members of the organization that are on the complaint." This number was more than 33⅓ per cent of the total memberships. The trial court then held that the burden was on the appellants "to show that they were not bonafide members."

It is appellants' contention that "Parties cannot confer jurisdiction on a trial court by stipulation," citing *Adolph M. Schwartz, Inc.* v. *Burnett Pharmacy,* 112 Cal.App.Supp. 781 [295 P. 508], and other cases. That such is the general rule in reference to jurisdiction of the subject matter cannot be doubted. However, there appears to have been no violation of this rule in the instant case. As pointed out by respondents, all that the parties did was to stipulate as to facts of membership, a matter susceptible of proof. This was done for the purpose of expediting the trial and avoiding the necessity of a tedious examination of each and every alleged membership. That such stipulations are frequently made use of in respect to matters of evidence, is common knowledge.

The correct rule, applicable to the present controversy, is found in *Lewis* v. *Shaw,* 77 Cal.App. 99, 102 [246 P. 86], where the court says: "A stipulation of facts which would state a cause of action, of course could be made, but jurisdiction of the subject matter of an action cannot be conferred by stipulation merely in so many words admitting jurisdiction. It would require a statement of facts, sufficient within themselves, stripped of any conclusion of law."

The trial court obviously had jurisdiction to hear a controversy of the present nature. The subject matter involved was the dissolution of the center. Whether the alleged memberships were valid or invalid were questions of fact,

and no more reason exists for the discountenancing of a stipulation relating thereto, than in the case of any other factual and evidentiary matter. Appellants, who must be deemed to have had a full and complete understanding of the corporate books and membership facts of the center, were under no compulsion to make such a stipulation, and the trial court was justified in relying thereon. There is no merit in this contention of the appellants.

Appellants further contend that "The Court should have admitted the affidavits of 24 of the parties listed upon the complaint as plaintiffs to the effect that they had never knowingly become plaintiffs and deducted them from the total number of plaintiffs, and should have permitted the three alleged plaintiffs present in court to withdraw." After the making of the stipulation hereinbefore referred to, appellants offered the above affidavits of named plaintiffs to the effect that affiants "did not understand that an action was to be instituted to liquidate" the center, and are "not now willing to be a party."

It is explained in appellants' brief that "The reason that these *dissals* were put in affidavit form was because, respondents' attorneys would never have consented to their being filed as regular dismissals." Relying on section 581 (4) of the Code of Civil Procedure, providing that "A party may at any time, before final submission of a cause, dismiss the same," appellants urge that the trial court's failure to entertain the affidavits and to hear the three affiants who were in court, constitutes "a serious abuse of judicial discretion as well as an absolute infringement" of plaintiffs' rights, and that the "policy of the law is to discourage litigation."

As stated in respondents' brief, "the affidavits were clearly inadmissible as hearsay." Furthermore, "the fact that these 24 plaintiffs desired to withdraw after suit was filed has no bearing whatever on whether or not the Court acquired jurisdiction at the time suit was brought." Testimony of certain affiants present in court, to the effect that such affiants did not desire to be plaintiffs, etc., and did not knowingly hire respondents' attorneys to file the action, objected to "as not within the issues of the case here, and I think the matter is covered by the stipulation," was excluded by the trial court. Having stipulated to the fact that there were sufficient valid plaintiffs named in the complaint, appellants were apparently seeking to destroy the legal effect of such stipulation. Appellants have cited no authority for the filing of such

affidavits or the giving of such testimony, and no prejudicial error is apparent.

Appellants' complaint that "The failure to name 89 of the 90 plaintiffs on the original complaint in the Fourth Amended Complaint worked a voluntary dismissal as to those 89 plaintiffs," is specious rather than real, and presents no reversible error. The fourth amended complaint is entitled "Zabelle Abalian, *et al.* vs. Townsend Social Center., Inc., et al," (italic added), without repeating all the names which were set out in full in the original complaint. Certainly no one was mislead by this procedure.

It is further argued by appellants that "The court should have drawn the presumption as a matter of law that as plaintiffs failed to bring in their certificates after notice, they did not have the requisite one-third." Again, this contention seeks to escape the consequences of the stipulation that the complaint contained "68 valid names" out of a total membership of 196. Appellants can hardly complain of respondents' failure to produce membership certificates since the center must have had full knowledge of its own membership. There was no showing of any "wilful suppression" of these certificates by the respondents, the basis of the presumption mentioned in section 1963(5, 6), Code of Civil Procedure, which appellants seek to employ. Appellants' notice to produce such original certificates gave the center the right, if desired, to produce secondary evidence in respect thereto.

The appellants' complaint that "The evidence did not support the judgment," is not sustained by the record. The well known and fundamental rule of appellate review, that findings and judgment of a trial court will not be disturbed where there is substantial evidence in support thereof, must govern in the instant case. That there is conflicting evidence in favor of appellants' position in no manner changes the above rule. As in practically all actions, the trial court was confronted with the divergent views of the contending parties and evidence offered in support thereof.

Other points in appellants' brief are that "A cause of action was never stated"; that the findings of fact "were based on evidence admitted in violation of the parole evidence rule"; that the center "is a charitable corporation and its assets are charged with a public trust"; and that the trial court "admitted prejudice and bias by failing to file counteraffidavits in reply to the affidavits in support of defendants' motion for a new trial and his order denying the motion was therefore void."

These contentions are untenable and present no cause for reversal. ■ Such facts are stated in the complaint as to make out a cause of action for dissolution of the corporation under sections 4650 and 4651 of the Corporations Code, on the ground that the winding up of the center was reasonably necessary to protect the interests of all members. And, as hereinbefore pointed out, the record discloses substantial evidence to support the trial court's conclusion that this cause of action has been proven.

As stated in respondents' brief, it is evident from article III (b) and (c) of the articles of incorporation, and the application for permission to issue memberships, that the purpose of the corporation was to acquire "a club building for the convenience of its members and other persons interested in the Old Age Pension movement." Appellants' inquiry as to "where can a promise, express or implied, to build a $500,000.00 building be found in the Social Center Articles," and the conclusion apparently drawn from that query, that the findings were "based on evidence admitted in violation of the parole evidence rule," is without merit. ■ From the statement of the purposes of incorporation and the evidence disclosed by the record, it is to be observed that the center was a nonprofit corporation for the benefit of its members. There is nothing to indicate that the situation at hand involves anything in the nature of a public trust.

■ In reference to the failure of the trial judge to file a counteraffidavit to the affidavits filed in support of appellants' motion for a new trial, alleging prejudice, it appears, as pointed out in respondents' brief, that "no written statement objecting to the hearing of such matter," was filed five days before the hearing, as required by section 170 of the Code of Civil Procedure. Consequently the trial judge was under no obligation to file the counteraffidavit mentioned in said section.

No prejudicial error has been made manifest, and the findings and judgment find substantial support in the record.

The judgment is affirmed, and the attempted appeal from the order denying a new trial, is dismissed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied August 18, 1952, and appellants' petition for a hearing by the Supreme Court was denied September 25, 1952.