[Civ. No. 19849. First Dist., Div. One. Aug. 15, 1962.]

DOROTHY DAVIS, Plaintiff and Respondent, v. EUGENE A. TALIAFERRO, Defendant and Appellant.

Reversed.

Eugene A. Taliaferro, in pro. per., for Defendant and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Plaintiff and Respondent.

SULLIVAN, J.—The litigation which we now review was initiated upon the commencement of an action in the small

claims court by Eugene A. Taliaferro, appellant herein, against Dorothy Davis, respondent herein. Thereafter, and on November 9, 1959, the respondent having a claim against appellant allegedly the proper subject of a counterclaim or cross-complaint but for an amount in excess of the jurisdiction of the small claims court, invoked the provisions of section 117r of the Code of Civil Procedure[1] and filed against appellant in the Municipal Court for the San Pablo Judicial District, County of Contra Costa, a complaint on a common count in *indebitatus assumpsit* for the recovery of money in the amount of $1,000.[2] Appellant's demurrer to said complaint filed in the above municipal court was overruled.

On February 2, 1960, appellant filed in the municipal court action an answer and cross-complaint. Since the cross-complaint sought the recovery of damages in an amount in excess of, as well as other relief beyond, the jurisdiction of said court, the municipal court action was transferred to the Superior Court of Contra Costa County on March 28, 1960, presumably pursuant to the provisions of section 396.[3] On November 2, 1960, the respondent filed in the superior court a general demurrer to the cross-complaint and a notice of motion to strike the cross-complaint upon the ground that the last named pleading was ''improperly filed'' and was in fact a cross-complaint to a cross-complaint. On November 15, 1960, the superior court granted respondent's motion and made its order striking appellant's cross-complaint.[4] The court deemed it unnecessary to rule upon the demurrer. Nor did it rule on respondent's motion for an order remanding the action to the municipal court.

---

[1]Unless otherwise indicated, all code references are to the Code of Civil Procedure.

[2]The record before us does not include the affidavit by which the small claims action was commenced (Code Civ. Proc., §§ 117a, 117b, 117c) or the proceedings undertaken by the respondent Davis in the small claims court pursuant to the above section 117r.

[3]The record does not contain the proceedings upon transfer of the action. The county clerk's filing stamp on the complaint, demurrer to complaint, answer and cross-complaint shows that all of such documents originally filed in the municipal court were refiled in the superior court.

[4]The written "Order Striking Cross-Complaint" states in part: "There can be no sound distinction between the transfer provisions of C.C.P. 117(r) and C.C.P. 396 relating to counterclaims or cross-complaints. It is the opinion of the Court that M-704 [municipal court action] is in the nature of a cross-complaint to SC M-1071 [small claims court action] and, therefore, no cross-complaint is allowable in M-704."

Appellant, defendant below, as well as the original plaintiff in the small claims action, appeals from the above order striking his cross-complaint. In the normal situation an order striking a cross-complaint is interlocutory in nature and nonappealable, unless the cross-complaint joins new parties or names a codefendant. Where however an action is commenced in the municipal court and then properly transferred to the superior court solely because of the cross-complaint, an order striking such cross-complaint is a final order or judgment and appealable. (*Keenan* v. *Dean* (1955) 134 Cal.App.2d 189, 191-192 [285 P.2d 300]; 3 Witkin, Cal. Procedure, p. 2154; 1961 Supp., p. 110.)

 Appellant contends that when respondent asserted her claim against appellant pursuant to section 117r, respondent commenced a new action in the municipal court and filed therein a complaint to which appellant could plead as to any complaint in a civil action, the result of the procedure being that the small claims action and the municipal court action were in effect consolidated for trial. Respondent on the other hand argues that appellant "having commenced the chain of events by filing a complaint [*sic*] in the Small Claims Court" established his position in the ensuing litigation as plaintiff, and that, respondent's complaint in the municipal court being actually a cross-complaint, appellant's subsequent cross-complaint was actually a "cross-complaint to a cross-complaint" and hence not one of the allowable pleadings set forth in section 422. We conclude that appellant's contention must be sustained and the order appealed from reversed.

Section 117r, here applicable, provides in part as follows: "If a defendant in a small claims action shall have a claim against the plaintiff in such action and such claim be for an amount over the jurisdiction of the small claims court as set forth in Section 117, but of a nature which would be subject to counterclaim or cross-complaint in such action under the rules of pleading and practice governing the superior court, then defendant may *commence an action against* said *plaintiff* in a court of competent jurisdiction and file with the justice of said small claims court wherein said plaintiff has commenced *his* action, at or before the time set for the trial of said small claims action, an affidavit setting forth the facts of the commencement of such action by such defendant. He shall attach to such affidavit a true copy of the *complaint* so filed by said *defendant* against *plaintiff,* and pay to said justice the sum of one dollar ($1) for a transmittal fee, and

shall deliver to said plaintiff in person a copy of said affidavit and *complaint* at or before the time above stated. Thereupon the justice of said small claims court shall order that said small claims court action shall be transferred to said court set forth in said affidavit, and he shall transmit all files and papers in his court in such action to such other court, and *said actions shall then be tried together in such other court.*" (Emphasis added.)

It is clear from the above language that the small claims court defendant upon invoking section 117r in order to assert a counterclaim or cross-complaint in excess of the jurisdiction of such court, commences a *new* and *independent* action. The statute contemplates the filing of a *complaint* in a court of competent jurisdiction. "An action is *commenced* . . . when the complaint is filed." (Code Civ. Proc., § 350; emphasis added.) "The first pleading on the part of the *plaintiff* is the *complaint.*" (Code Civ. Proc., § 425; emphasis added.)

It is also clear from the language of the above statute that there are two actions—the original "small claims action" and the new "action . . . in a court of competent jurisdiction. . . ." The statute provides for the transfer of the first to the forum of the second and contemplates that there the two actions will be consolidated for trial. As set forth above, after the small claims court defendant has filed in the small claims court "wherein said plaintiff has commenced *his* action" (emphasis added) an affidavit reciting the commencement of the new action and has paid the required transmittal fee, the small claims action shall be transferred to the court set forth in the affidavit "and said *actions* shall then be *tried together* in such other court." (Emphasis added.)

Further evidence that there are two separate actions is found in the concluding paragraph of section 117r which provides: "The plaintiff in the small claims action shall not be required to pay to the clerk of the court to which the action is so transferred any transmittal, appearance or filing fee in said action, but shall be required to pay the filing fee and any other fee required of a defendant, if he appears in the action filed against him." The small claims court plaintiff is not required to pay a transmittal fee because he is already a party in the small claims action and has paid the fee prescribed for it. (Code Civ. Proc., § 117p.) But, as the above language indicates, he must pay the filing and any other required fee, if he appears in the new action.

Although no case construing section 117r has been cited to us or disclosed by our independent research, authoritative works on procedure are in accord with the propositions that the effect of the statute is to provide for the filing of a new action and for the consolidation of the two actions for trial. (1 Witkin, Cal. Procedure (1954 ed.) Courts, § 103, subd. (7), at p. 232; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading (1961 ed.), § 85, at p. 51.)

Contrary to the court below we observe a marked distinction between the provisions of section 117r and section 396. Under the relevant provisions of the latter section, if, in an action commenced in or transferred to a court having subject matter jurisdiction, it subsequently appears, *inter alia,* that the determination of a counterclaim or cross-complaint presents questions not within the jurisdiction of the court, the proceedings are suspended and the action transferred to a court having jurisdiction. In such a situation, the counterclaim or cross-complaint is filed *in the same action,* the single action is subject to transfer and the parties litigant and their pleadings remain in the *same posture* in the transferee court. (See § 396, second paragraph.)

We hold therefore that in the case before us respondent commenced a new action in the municipal court in which she, as *plaintiff,* filed a *complaint* and that in such action appellant is entitled to all the pleadings allowable to a defendant, including a cross-complaint. (Code Civ. Proc., § 422.)

We do not consider appellant's arguments directed to the sufficiency of respondent's complaint which is not reviewable on this appeal. Nor is it necessary for us to consider appellant's remaining contentions in view of our disposition of the case.

The order is reversed.

Bray, P. J., and Draper, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.